UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------x
:
VICTOR JOSE VELASCO           :    Civil No. 3:11CV00463(AWT)
                              :
v.                            :
                              :
HALPIN, et al.                :    November 20, 2017
                              :
------------------------------x

## RULING ON MOTIONS TO COMPEL [DOC. ##79, 90]

Pending before the Court are two motions filed by plaintiff Victor Jose Velasco ("plaintiff"), seeking to compel discovery and a custodial affidavit from defendants, Lieutenant Halpin, Lieutenant Dougherty, Investigator Sweet, Counselor Damian Doran, and Acting District Administrator John Alves ("defendants"). [Doc. ##79, 90].[1] Defendants filed joint objections to plaintiff's motions to compel. [Doc. ##85, 90]. For the reasons articulated below, the Court: **GRANTS in part, and DENIES, in part** plaintiff's Motion to Compel Discovery regarding Document Request No. 6, [**Doc. #79**]; and **GRANTS, in part, and DENIES, in part as moot**, plaintiff's Motion to Compel a Custodial Affidavit, [**Doc. #90**].

---

[1] The Court has previously ruled in part on plaintiff's Motion to Compel Discovery (Doc. #79), and it no longer appears as pending in ECF. See Doc. #87. However, the Court reserved ruling on the motion as it pertains to Request for Documents No. 6. See id.

1

## BACKGROUND

Plaintiff brings this matter pursuant to 42 U.S.C. §1983 challenging disciplinary proceedings and his classification as a member of a security risk group safety threat (specifically, the Latin Kings).

On October 13, 2017, plaintiff filed a motion seeking to compel defendants to produce additional documents in response to plaintiff's requests for production. See Doc. #79. Defendants filed an objection on October 26, 2017. See Doc. #85. On October 31, 2017, the Court held a Telephonic Status Conference regarding the issues raised in the motion to compel. During that conference, counsel for defendants represented that there are no materials responsive to Document Request No. 6 seeking "[t]he complete Department of Correction disciplinary records of each of the Defendants, including disciplinary reports." Doc. #80-1 at 5. Specifically, counsel represented that none of the defendants had any disciplinary record at all, from 2010 to the present. However, after the conference, counsel for defendants notified the Court that materials had been found that are arguably responsive to request No. 6. The Court issued an Order requiring counsel for defendants to submit the materials to the Court for in camera review. See Doc. #87.

On November 3, 2017, plaintiff filed a Motion to Compel a Custodial Affidavit that would: (1) Describe how the search for documents responsive to request No. 6 was performed; (2) explain how the determination was made whether documents were considered responsive; and (3) attest that all disciplinary records for each of the defendants has been produced to the plaintiff or the Court. See Doc. #90. at 4.

In response, counsel for defendants submitted an affidavit from Dawn DiCesare, who conducted the search for responsive documents. See Doc. #95-2. In her affidavit, Ms. DiCesare states that she searched for responsive records in defendants' personnel files and the disciplinary log maintained by the Department of Corrections, and found no responsive documents. Id. at 2. After Ms. DiCesare reported that there were no responsive documents, a human resources staff member recalled a non-disciplinary resolution involving one of the defendants, and contacted her. Id. at 3. After discovering records of that matter, counsel for defendants submitted them for in camera review.

## DISCUSSION

### I. Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery:

3

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "The party resisting discovery bears the burden of showing why discovery should be denied." Cole v. Towers Perrin Forster & Crosby, 256 F.R.D. 79, 80 (D. Conn. 2009).

Generally, in a section 1983 case such as this, "[d]isciplinary records involving complaints of a similar nature, whether substantiated or unsubstantiated, could lead to evidence that would be admissible at trial and thus, are discoverable." Frails v. City of New York, 236 F.R.D. 116, 117-18 (E.D.N.Y. 2006) (alterations added) (compiling cases); see also Linares v. Mahunik, No. 9:05CV00625(GTS)(RFT), 2008 WL 2704895, at *3 (N.D.N.Y. July 7, 2008) ("To the extent other inmates' grievances or complaints allege conduct similar to that alleged in the Complaint, and were similarly directed against any of the named defendants, the documents sought may well yield information relevant to [plaintiff's] claims, and such documents are therefore discoverable." (collecting cases)). Additionally, "[a] civil rights plaintiff is entitled to prove by extrinsic

evidence that the defendant acted for the purpose of causing harm[] ... [and] where malicious, aggravated conduct is purportedly involved, reports of this conduct are admissible." Lombardo v. Stone, No. 99CV4603(SAS), 2002 WL 113913, at *6 (S.D.N.Y. Jan. 29, 2002) (internal citations and quotation marks omitted).

## II. Motion for Order Compelling Discovery [Doc. #79]

Defendants argue that only records of "disciplinary actions" are responsive to plaintiff's request for "disciplinary records." See Doc. #95 at 4-5. The documents provided for in camera review fall under Department of Corrections Administrative Directive 2.6, Employee Discipline, section 5, Non-Disciplinary Resolution which provides:

> Informal discussions, coaching and formal counseling shall be used whenever practicable and shall not be considered disciplinary action. ... However, disciplinary action shall be taken when it is determined further training and counseling would not be effective or the incident is of such magnitude that disciplinary action is required. Records of coachings and counselings may be maintained by supervisors <u>for evaluation purposes</u>. Records of coachings and counselings shall not be placed in employee personnel files."

(emphasis added).

Defendants argue that based on this definition, the records submitted for in camera review are not "disciplinary records." See Doc. #95 at 5. However, Directive 2.6 does not state that records of informal discussions, coaching, and formal counseling

5

are not "disciplinary records"; only that such resolutions are not "disciplinary action." Directive 2.6 deals with employee discipline, and section 5 allows for non-disciplinary resolution of minor incidents. However, records of incidents which are minor enough not to trigger formal disciplinary action, but serious enough to trigger informal discussions, coaching, or formal counseling and be kept for evaluation purposes, may be considered "disciplinary records."

Accordingly, on or before **December 21, 2017**, defendants shall produce to plaintiff any records in their possession or control of any performance evaluations that reference any allegation that the defendant deprived an inmate of a fair investigation and hearing, or improperly designated an inmate as a security risk group threat member from 2010 to the present.

The Court has reviewed the records defendants submitted for in camera review. Because the records do not involve allegations similar in nature to the conduct alleged in the complaint, they are not relevant and are not discoverable in this matter.

Accordingly, for the reasons stated, the Court **GRANTS, in part**, **and DENIES in part**, as stated above, plaintiff's Motion to Compel Discovery with respect to Request No. 6.

### III. Motion to Compel Custodial Affidavit [Doc. #90]

Plaintiff seeks to compel an affidavit that would (1) Describe how the search for documents responsive to request No.

6 was performed; (2) explain how the determination was made whether documents were considered responsive; and (3) attest that all disciplinary records for each of the defendants has been produced to the plaintiff or the Court. The affidavit defendants provided from Ms. DiCesare satisfies the first two requests, as to the previous search for responsive documents, rendering them moot.

Defendants shall provide an affidavit describing how the search for records of performance evaluations referencing non-disciplinary resolutions is performed, and explain how a determination is made as to whether documents are responsive. The affidavit will attest that all relevant disciplinary records and all relevant records of performance evaluations in the defendants' possession or control from 2010 through the present, have been produced to plaintiff or the Court.

## CONCLUSION

Accordingly, the Court: **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Compel Discovery Request [**Doc. #79**]; and **GRANTS, in part, and DENIES, in part**, plaintiff's Motion to Compel a Custodial Affidavit. [**Doc. #90**].

This is not a Recommended Ruling. This is an order regarding discovery and case management which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. §636(b)(1)(A); Fed. R. Civ. P. 72(a); and D.

7

Conn. L. Civ. R. 72.2. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at New Haven, Connecticut this 20th day of November 2017.

                                              /s/
                                HON. SARAH A. L. MERRIAM
                                UNITED STATES MAGISTRATE JUDGE