In The United States District Court
For The District of Connecticut

VICTOR J. VELASCO, plaintiff  :  CASE No. 11-cv-463 (JCH)

v.  :

LIEUTENANT HALPIN, Et. Al.,  :

  defendants  :  October 7, 2018

## CONSENT MOTION TO TERMINATE SETTLEMENT

The Plaintiff, Victor J. Velasco, a prisoner and who was appointed counsel by this Honorable Court seeks consent to TERMINATE the settlement agreement entered in the above captioned matter as it was a deliberate deception by the Plaintiff's appointed counsel intended to steal away the Plaintiff's right to pursue other cases or file any claims against the state. The appointed counsel was ordered by this court to the Plaintiff and this counsel told the Plaintiff that the settlement offer would not affect any of the Plaintiff's other cases at all. The Plaintiff specifically asked counsel if such settlement would affect the Plaintiff's other cases and

SCANNED at NCI and Emailed 10/9/18 by _____ . _____ pages
date  initials  No.

appointed counsel said no. The State of Connecticut then after filed a Motion to Enforce a settlement in the State case of Velasco v. BENNETT in which the Plaintiff had already recieved a Default judgement in his Favor before the settlement agreement and the State Court Judge Mathew Budzik dismissed the Plaintiff's State case due to this settlement agreement.

Your Honor, the appointed counsel you appointed me deliberately decieved the Plaintiff and sent a letter to the Plaintiff stating that the State wanted to give the Plaintiff more money to make the settlement agreement a "global resolution" of all the Plaintiff's other cases. The appointed counsel also offered the Plaintiff money to make the settlement agreement a "global resolution". The Plaintiff said no.

In a hearing before State Judge Mathew Budzik who didn't want to give the plaintiff his full name informed the Plaintiff that he (Budzik) worked for the Attorney General's office and that he represented prisoners like the Plaintiff and if the Plaintiff had

any objections. The Plaintiff said no. The Court (Budzik) never notified the Plaintiff that Budzik was only a year ago the Head of the Finance Department for the State of Connecticut and one of his tasks was limiting state expenditures in prisoner lawsuits against the State. This judge had a vested interest in the Plaintiff's case.

However, although the attorney's appointed to the Plaintiff by Janet C. Hall are still techincally appointed to the Plaintiff, they refused to bring this matter before this Court. In fact, these attorneys warned the Plaintiff not to bring this matter before this Honorable Court because this Court would refuse to hear this matter.

The Plaintiff states the following facts in support of this motion:

1) The Plaintiff was presented with the settlement offer by Andrew P. Giering, Esq., the counsel appointed to the Plaintiff by this Honorable Court;

2) The Plaintiff's appointed attorney specifically told the Plaintiff that the settlement agreement only covered the Federal case of VELASCO v. HALPIN, and would not

affect the Plaintiff's other cases;

3.) The Plaintiff agreed to settle the matter before this Honorable Court of VELASCO v. HALPIN;

4.) After the settlement was entered into by this Court, the State made a claim that the settlement ~~[scribbled out]~~ could be made a "global resolution" and made an offer to the Plaintiff through appointed counsel (See letter from Andrew B. Giering, esq. from Wiggin and Dana LLP dated June 25, 2018);

5.) The settlement was completed (April 18th, 2018);

6.) Once the appointed counsel realized that he had not advised the Plaintiff correctly as to the terms of the settlement, he offered the Plaintiff more money on top of the State's offer to agree to make the settlement a "global resolution";

7.) The Plaintiff refused;

8.) It is clear that the counsel appointed by this court was not effective and caused more harm to the Plaintiff than an ordinary lawyer of ordinary skill and the firm tried to cover up their mistake by offering the Plaintiff more money.

Your Honor, the Plaintiff did not agree to any "global resolution". The Plaintiff will suffer harm in a serious denial of his rights at the hands of counsel appointed by this court by order Document Number 46 (See attached) where this court determined and "concluded that proper and effective judicial processing in this case cannot be achieved without appointment of counsel. Accordingly, pursuant to Local Rule 83.10, the Court directs the Pro Se Clerk to find counsel to represent the plaintiff, Victor Jose Velasco."

The Plaintiff feels completely betrayed by counsel in this matter and seeks relief from this Honorable Court in the form of vacating the settlement agreement or void it and order the appointed counsel to reimburse the State their $2,000.00

The Plaintiff would rather go to trial on this matter.

Wherefore, this Motion Having been heard is hereby ordered:
GRANTED / DENIED

Plaintiff, Pro Sé

| | |
|---|---|
| From: | CMECF@ctd.uscourts.gov |
| Sent: | Monday, June 05, 2017 4:59 PM |
| To: | CMECF@ctd.uscourts.gov |
| Subject: | Activity in Case 3:11-cv-00463-JCH Velasco v. Halpin et al Order |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

### U.S. District Court

### United States District Court for the District of Connecticut

**Notice of Electronic Filing**

The following transaction was entered on 6/5/2017 at 4:59 PM EDT and filed on 6/5/2017
**Case Name:** Velasco v. Halpin et al
**Case Number:** 3:11-cv-00463-JCH
**Filer:**
**Document Number:** 46(No document attached)

**Docket Text:**
**ORDER: The Court has concluded that proper and effective judicial processing in this case cannot be achieved without the appointment of counsel. Accordingly, pursuant to Local Rule 83.10, the Court directs the Pro Se Clerk to find counsel to represent the plaintiff, Victor Jose Velasco.**
**SO ORDERED by Judge Janet C. Hall on 6/5/2017.(Lewis, D)**

**3:11-cv-00463-JCH Notice has been electronically mailed to:**

Thomas J. Davis, Jr    Thomas.Davis@ct.gov

**3:11-cv-00463-JCH Notice has been delivered by other means to:**

Victor Jose Velasco
Inmate 213065
NORTHERN CORRECTIONAL INSTITUTION
287 Bilton Road
P.O. Box 665
Somers, CT 06071

1



**GEORGE JEPSEN**
ATTORNEY GENERAL

MacKenzie Hall
110 Sherman Street
Hartford, CT 06105-2294

Office of the Attorney General
## State of Connecticut
April 19, 2018

Tel.: (860) 808-5450
Fax: (860) 808-5591

Kathleen Skomro
Department of Correction
Inmate Trust Fund
P.O. Box 290800
Wethersfield, CT 06129-0800

Re:   <u>Victor Jose Velasco v. Harpin, Et Al.</u>
      **Docket No. 3:11CV00463 (JCH)**

Dear Ms. Skomro:

Enclosed is State of Connecticut check number 15496550 in the amount of $2,000.00, payable to "Victor Jose Velasco, Inmate #213065." Please deposit funds into inmate Velasco's inmate trust fund account.

This check represents payment in full in accordance with the terms of the Stipulated Settlement Agreement in the above-referenced matter.

Very truly yours,

Thomas J. Davis, Jr.
Assistant Attorney General

TJD:bmw

Enclosure

cc:   Andrew P. Giering, Esq. (With Enclosure)
      David A. Ring, Esq. (With Enclosure)
      Wiggin & Dana – NH
      One Century Tower
      265 Church Street
      P.O. Box 1832
      New Haven, CT 06508-1832

**State of Connecticut**
**Office of the State Comptroller**
Hartford, CT 06106-1775

OSCM1    15496550    0000184630
VICTOR JOSE VELASCO

287 BILTON RD
SOMERS, CT 06071

| | |
|---|---|
| BU | OSCM1 |
| Agency Name | State Comptroller's Office |
| Reference Number | 15496550 |
| Payment Date | 04/18/2018 |
| Payment Amount | 2,000.00 |

Check Date: 04/18/2018    Supplier Number: 0000184630    Check No: 15496550

| Invoice Number | Invoice Date | Voucher ID | Gross Amount | Discount Taken | Late Charge | Paid Amount |
|---|---|---|---|---|---|---|
| VICTOR J VELASCO v HARPIN | 04/05/2018 | 00061088 | 2,000.00 | 0.00 | 0.00 | 2,000.00 |

Switch to direct deposit for faster payments www.osc.ct.gov/vendor
If additional information is required, please call State Comptroller's Office at (860)702-3693

THIS CHECK IS BLUE. THE BACK CONTAINS A STATE SEAL WATERMARK. HOLD AT AN ANGLE TO VERIFY.

CO-205 (NEW 3-17)    Office of the State Comptroller to the State Treasurer    51-44/119 CT

AGENCY NAME   State Comptroller's Office
BUSINESS UNIT   OSCM1

BANK OF AMERICA
Hartford, CT 06110

VENDOR CHECK NO.
15496550

PAYMENT AMOUNT    TWO THOUSAND AND XX/100 DOLLARS

PAY TO THE ORDER OF
VICTOR JOSE VELASCO

Payment Date  04/18/2018

Payment Amount  $ 2,000.00

NOT VALID UNLESS SIGNED BY BOTH
STATE COMPTROLLER AND STATE TREASURER


KEVIN LEMBO
COMPTROLLER - STATE OF CONNECTICUT


DENISE L. NAPPIER
TREASURER – STATE OF CONNECTICUT

⑈15496550⑈ ⑆011900445⑆ 57437888⑈

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between **Victor J. Velasco**, on behalf of himself and his agents, representatives, and assigns (hereinafter referred to as "**Velasco**" or "**plaintiff**") and the **State of Connecticut**.

### RECITALS

**WHEREAS**, Velasco has filed and has currently pending a civil action in United States District Court against various current or former employees of the Department of Correction of the State of Connecticut captioned **Velasco v. Harpin, et. al.**, 3:11-cv-463 (JCH) (the "Action") and,

**WHEREAS**, the plaintiff and the State of Connecticut desire to avoid further litigation and controversy, and wish to resolve, settle and compromise any and all of plaintiff's claims in the Action;

**NOW THEREFORE**, the parties hereto make the following settlement agreement and enter into the following releases:

1. **Plaintiff's Obligations:** Plaintiff will execute this settlement agreement, a Stipulation of Dismissal with Prejudice of the Action, and a Federal IRS Form W-9, and return same to defendants' counsel.

2. **State of Connecticut's Obligations:** Promptly upon receipt of the executed Settlement Agreement, the attached Stipulation of Dismissal with Prejudice of the Action, and the Federal IRS Form W-9, all executed by plaintiff, counsel for the defendants will execute this Settlement Agreement on behalf of the State of Connecticut and return a fully signed copy to the plaintiff's counsel. The State of Connecticut will then:

a. Pay to the Plaintiff the sum of Two Thousand Dollars ($2,000.00) by deposit of that amount into Plaintiff's Inmate Trust Account within thirty (30) days of the receipt of the signed Settlement Agreement from plaintiff. The State of Connecticut further agrees to forego collection of any sum owed by Plaintiff to the state for the cost of his incarceration from the proceeds of this settlement.

b. The State Department of Correction (DOC) will vacate the finding of guilty to Disciplinary Report number RCC 10 11 036 (Security Risk Group Threat Member). All parties hereto understand and agree that the vacating of the guilty finding shall have no collateral effects and shall in no way impact plaintiff's status, classification, or programming with or by DOC, or in any way affect the conditions of his incarceration. It is further understood and agreed by all parties hereto that the vacating of the guilty finding in RCC 10 11 036 shall not be admissible in any proceeding, judicial, administrative or otherwise, and shall operate solely to remove the guilty finding without collateral consequence.

c. The State DOC will permit plaintiff to have possession of his hard covered legal resource books in his cell so long as the hard covers are removed. In addition, should plaintiff obtain additional hard cover legal resource books, he will be permitted to have possession of them in his cell if the hard covers are removed. This agreement related to possession of hard covered legal resource books with the hard covers removed shall continue in force should plaintiff be transferred from his current correctional institutional placement at Northern Correctional Institution to a different correctional institution. To assure notice and continuation of this term of this

agreement, a copy of this Settlement Agreement and Release shall be placed in plaintiff's DOC master file.

3. **Releases:**

The plaintiff, on his behalf and behalf of his successors and assigns, for and in consideration of the fulfillment of the obligation of the State of Connecticut described above, and other valuable consideration, the receipt of which is hereby acknowledged, does herewith forever discharge and release the defendants named in the Action, including Gregory Harpin, Daniel Dougherty, Christopher Sweet, Damien Doran, John Alves, and each of their heirs, executors, assigns and administrators, and the State of Connecticut and each of its current or former officers, agents, servants, employees, successors, legal representatives and assigns, from any and all actions, causes of action, suits, claims, controversies, damages and demands of every nature and kind, including attorneys fees and costs, monetary and equitable relief, whether known or unknown, which he had or now has or may hereafter can, shall or may have, for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of this agreement, including any acts arising out of, or in any way related to the incidents or circumstances which formed the basis for the Action, including such actions as may have been or may in the future have been brought in the federal courts, courts of the State of Connecticut or any other state or forum, any state or federal administrative agency, or before the Claims Commissioner pursuant to Conn. Gen. Stat. §4-141, et. seq. This release shall include but is not limited to all causes of action alleging violations of plaintiff's state and/or federal constitutional rights, his rights arising under the statutes and laws of the United States, the State of Connecticut or any other state, any other source of rights that may exist, and such causes of action as may be available under the common law.

4. **No Admission of Liability:** The Parties to this Settlement Agreement and Release represent and warrant to each other that they specifically understand and agree that this Settlement Agreement and Release is a compromise of disputed claims and that the existence of this agreement or the performance of any obligation or any forbearance made hereunder shall not be construed as an admission of liability, wrongdoing of any kind, or of the truth of the allegations, claims, or contentions of any party to the civil action described herein, and that there are no covenants, promises, undertakings, or understandings between the parties hereto or to the civil action described herein outside of this Settlement Agreement and Release except as specifically set forth herein.

5. **Representations and Voluntary Action:** The parties hereto represent, warrant, and agree that each has been represented by or had opportunity to confer with his or her own counsel, that they have each thoroughly read and understood the terms of this Settlement Agreement and Release, have conferred with or had opportunity to confer with their respective attorneys to the extent they have any questions in regard to same, and have voluntarily entered into same to resolve all differences as stated herein.

6. **Counterparts:** This Settlement Agreement and Release may be executed in counterparts, each of which shall be deemed an original. This Settlement Agreement and Release shall be binding upon the parties and their respective heirs, successors, and assigns.

7. **Full Agreement:** The parties acknowledge and agree that this Agreement represents the full and complete agreement of the parties hereto and that this Agreement supersedes and replaces any prior agreements, whether oral or written, between the Parties. Any amendments or modifications of this Agreement, including to this sentence, must be in writing and executed by both parties to be effective.

8. **Construction and Enforcement:** The language used in this agreement will be deemed to be the language chosen by the parties to express their mutual intent and no rule of construction will be applied against any party. The term "including" as used in this Agreement is used to list items by way of example and shall not be deemed to constitute a limitation of any term or provision contained herein. This Agreement shall be deemed to have been made in the State of Connecticut, and shall be construed and enforced in accordance with, and the validity and performance hereof shall be governed by, the laws of the State of Connecticut, without reference to principles of conflict of laws thereof. This Agreement shall not be construed more strictly against one party than against the other by virtue of the fact that the Agreement may have been drafted or prepared by counsel for one of the parties, it being recognized that all parties to this Agreement have contributed substantially and materially to its preparation.

9. **Severability:** If any portion of this Agreement is held invalid or inoperative, the other portions of this Agreement shall be deemed valid and operative, and so far as it is reasonable and possible, effect shall be given to the intent manifested by the portion held invalid or inoperative.

10. **Captions:** The titles or captions of the paragraphs or sections contained in this Agreement are inserted as a matter of convenience and for reference, and in no way define, extend, or describe the scope of this Agreement or the intent or meaning of any provision hereof.

11. **Sovereign Immunity:** The parties acknowledge and agree that, by entering into this Agreement, the defendants and those acting on behalf of the State of Connecticut do not nor are they authorized to waive the State's sovereign immunity or its immunity from suit guaranteed by the Eleventh Amendment to the Constitution of the United States of America or otherwise.

12. **Authority to Enter into Agreement:** The parties hereto expressly warrant that they have all necessary authority to enter into this agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Settlement Agreement and Release on the dates set forth below.

_____
Victor J. Velasco

Sworn and subscribed before me on this 4th day of April, 2018.

_____
Notary Public / Commissioner of Superior Court

_____   4/4/2018
State of Connecticut, by             Date
Thomas J. Davis, Jr.
Assistant Attorney General, duly authorized

Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, Connecticut
06508-1832
www.wiggin.com

Andrew P. Giering
203.498.4338
203.782.2889 fax
agiering@wiggin.com

**ATTORNEY-CLIENT PRIVILEGED COMMUNICATION**
**OPEN ONLY IN THE PRESENCE OF THE INMATE**

June 25, 2018

Victor Jose Velasco
Inmate 213065
Northern Correctional Institution
287 Bilton Road
P.O. Box 665
Somers, CT 06071

Re:   Velasco v. Halpin et al., 11cv463 (JCH)

Dear Mr. Velasco,

We are writing in response to your letters dated May 27 and June 11, and to follow up on our phone conversation on June 11. Per your requests, please see attached copies of the following documents: (1) the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 (USA PATRIOT Act); (2) the Health Insurance Portability and Accountability Act of 1996 (HIPAA); and (3) the Form CN-61406 corresponding to your June 2016 Security Risk Group-related disciplinary report.

As we discussed on June 11, the State informed us that they are willing to offer a small payment in exchange for a global resolution of all of your pending claims against the State and to resolve the issue of whether your settlement in *Velasco v. Halpin* was a general settlement, resolving all of your pending cases against the State—but *not* future claims relating to conduct occurring after the time of the settlement. Because there is significant risk that a court would hold that the settlement agreement in *Velasco v. Halpin* bars your pending claims against the State, our firm is prepared to contribute additional funds to the State's offer, so that the total payment would be $4,000.

During our June 11 call, we also discussed your concern about the accuracy of the transcript from the January 30, 1997 (waiver of) probable cause hearing before Judge John J. Ronan in *State v. Velasco*, No. F02B-CR96-0125148-S (Conn. Super. Ct.), and we agreed to help you obtain the reporter's notes and transcript. On June 12, 19 and 20, I spoke with Mary Ellen Hirschbeck-Hayden, the supervising Court Reporter at the Fairfield Judicial District in Bridgeport. Mary Ellen confirmed that her office attempted to send you a CD-ROM in 2016, but that it contained only an electronic version of the January 30, 1997 transcript, which you already have. Mary Ellen also told us that there is no audio recording of the hearing, and that she cannot send you

Connecticut   New York   Philadelphia   Washington, DC   Palm Beach

June 25, 2018
Page 2

the original court reporter's steno notes absent a court order. She said that in order to obtain the steno notes you should direct a motion to either Judge Ronan, now a judge trial referee in Milford, or to Judge Robert J. Devlin, Jr., the presiding judge for criminal matters in Bridgeport.

I also asked Mary Ellen about the accuracy of the text and attribution at page 5, lines 3-5 of the transcript, which reads: "THE DEFENDANT: Your Honor, I want to waive that probable cause hearing too." Mary Ellen told me that she had reviewed the transcript and the original steno notes, and confirmed that the original steno notes contain the symbols corresponding to this text as it appears in the transcript, and that the stenography symbol that represents "the defendant" appears immediately before this text in the steno notes.

Finally, in earlier correspondence you asked for advice regarding Victor Rodriguez's affidavit and issues relating to an assault you suffered at the hands of another inmate. Unfortunately, we are barred by the rules of ethics from providing advice to you on that matter because we were appointed by the court only in regard to *Velasco v. Halpin*, and we may have a conflict of interest in regard to other matters because of the State's current claim that your settlement in *Halpin* was a general settlement, and not limited to that case.

Please let us know if you have any questions, and advise us as to your interest in the State's offer to settle all pending claims. We wish you the best in your quest to obtain fair and just treatment by the Department of Correction.

Sincerely,

*[signature]*

Andrew P. Giering

(Enclosures)

CC:   David A. Ring, Esq. (w/o enclosures)
      Kevin M. Kennedy, Esq. (w/o enclosures)